# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Donovan Jones Neha** | **Judgment in a Criminal Case**<br>(For **Revocation** of Probation or Supervised Release)<br><br>Case Number:  **1:04CR1677-002JB**<br>USM Number: **18124-051**<br>Defense Attorney: **Jason Bowles, Appointed** |

THE DEFENDANT:

☒   admitted guilt to violations of condition(s)  **Special, SC**  of the term of supervision.
☐   was found in violation of condition(s)    after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Special - The defendant failed to refrain from the use and possession of alcohol and other forms of intoxicants. | 11/25/2012 |

The defendant is sentenced as provided in pages 1 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has not violated condition(s)    and is discharged as to such violation(s).

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | |
|---|---|
| **8213**<br>Last Four Digits of Defendant's Soc. Sec. No. | **January 22, 2013**<br>Date of Imposition of Judgment |
| **1981**<br>Defendant's Year of Birth | **/s/ James O. Browning**<br>Signature of Judge |
| **Albuquerque, NM**<br>City and State of Defendant's Residence | **Honorable James O. Browning**<br>**United States District Judge**<br>Name and Title of Judge |
| | **February 5, 2013**<br>Date Signed |

AO 245D (Rev. 12/10) Sheet 1 Judgment in a Criminal Case for Revocations Sheet 1A

Judgment Page 2 of 6

Defendant: **Donovan Jones Neha**
Case Number: **1:04CR1677-002JB**

## ADDITIONAL VIOLATIONS

| *Violation Number* | *Nature of Violation* | *Violation Ended* |
|---|---|---|
| 2 | SC - The defendant left the judicial district without the permission of the court or probation officer. | 11/26/2012 |

Defendant: **Donovan Jones Neha**
Case Number: **1:04CR1677-002JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **5 days or time served, whichever is less** .

**Defendant Donovan Neha pled guilty to a Grade C violation of his supervised release pursuant to the police statement in the United States Sentencing Guidelines` Section 7B1.1(a)(1)(2)(3). Neha was arrested for Driving Under Intoxication on November 24, 2012, in violation of the terms of his supervised release. Neha`s criminal history is category II, which is the criminal history category at the time of his original sentence. A grade C violation and a criminal history of II establishes a revocation imprisonment range under the guidelines of 4 to 10 months.**

**The Court believes that a sentence of 5 days with twenty-four months of supervised release, and requiring Neha, as a condition of supervised release, to successfully complete the La Posada Halfway House program, in Albuquerque, New Mexico, for a period of three months, requiring Neha to pay $125 weekly -- the weekly self-pay rate -- while residing there, adequately reflects the seriousness of the crime that Neha committed, will promote respect for the law, provide just punishment, and afford adequate deterrence. While the sentence varies from the suggested range under the Sentencing Guidelines, it is a more reasonable sentence and more faithfully promotes the sentencing goals Congress laid down in 18 U.S.C. § 3553(a).**

**The Court has carefully considered the parties` arguments in this case and Neha`s circumstances. Neha was released from federal custody in February, 2012. In September, 2012, Neha moved to Albuquerque, where he was gainfully employed at Northern Electric until his arrest on November 24, 2012. Neha was released to La Posada`s custody on December 3, 2012, and since that time has been working steadily and paying La Posada weekly rent of $125. Neha has struggled with alcohol addiction throughout his life, has been through counseling, and appears to be having substantial success participating in AA meetings and A New Awakening counseling as part of his current living arrangement in the program at La Posada. Additionally, Neha has been participating in sex offender counseling at Relevancy Inc. as part of the La Posada program, and the parties represent that he needs more time with his therapist at Relevancy Inc. to make progress in his treatment. The Court notes that an important goal of the criminal justice system and 18 U.S.C. § 3553(a) is rehabilitation. The Court thus believes that Neha`s current living arrangement at La Posada is helping rehabilitate him in a positive way that incarceration would not.**

**Revoking Neha`s supervised released and imposing a sentence within the guidelines range would be excessive, and would contravene Congress` command that courts impose sentences that are sufficient but not greater than is necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court recognizes the seriousness of the offense Neha committed, but believes that the 5-day or time served sentence it imposes, and requiring Neha to successfully complete the La Posada program for a period of three months and remain under supervised release for two years should provide adequate deterrence to Neha. Because Neha will be under a level of supervision and undergoing substantial therapy and counseling at La Posada, his sentence adequately protects the public. It appears that, as long as he is in Albuquerque, working, and under structured supervision, he does well; he is trying to better himself and is productive in society. His rehabilitation at La Posada will thus not only protect the public, but help him to be a contributing member of the public. The variance avoids unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. The sentence that the Court imposes varies from the guidelines, but in these circumstances, the sentence imposed more effectively promotes the goals outlined in 18 U.S.C. § 3553(a). The Court believes that this sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). Moreover, a longer sentence would be unnecessarily punitive and would not serve any useful purpose. While the Court`s task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir.2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).") (citation omitted), the Court believes that this sentence is a more reasonable sentence than the guideline sentence. And perhaps most important in this calculation, the Court believes that this sentence is sufficient, but not greater than necessary, to comply with the purposes of punishment set forth in the Sentencing Reform Act of 1984. The Court thus sentences Neha to 5 days, or time served, imprisonment with two years of supervised release, and compliance with the Court`s special condition of successful completion of the La Posada program for three months.**

| | |
|---|---|
| ☐ | The court makes these recommendations to the Bureau of Prisons: |

| | |
|---|---|
| ☒ | The defendant is remanded to the custody of the United States Marshal. |
| ☐ | The defendant shall surrender to the United States Marshal for this district: |
| | ☐  at  on |
| | ☐  as notified by the United States Marshal. |
| ☐ | The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: |
| | ☐  before 2 p.m. on |
| | ☐  as notified by the United States Marshal |
| | ☐  as notified by the Probation or Pretrial Services Office. |

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By _____
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 12/10) Judgment in a Criminal Case for Revocations
Sheet 3 Supervised Release

Judgment Page 5 of 6

Defendant: **Donovan Jones Neha**
Case Number: **1:04CR1677-002JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **24 months** .

**All of the special conditions previously imposed remain in effect.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution, it is to be a condition of supervised release that the defendant pay in accordance with Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

AO 245D (Rev. 12/10) Judgment in a Criminal Case for Revocations  
Sheet 3C Supervised Release

Judgment Page 6 of 6

Defendant: **Donovan Jones Neha**  
Case Number: **1:04CR1677-002JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The Defendant will successfully complete the La Posada Halfway House program for a period of 3 months and the Defendant will be required to pay the $125.00 weekly self pay rate while a resident at La Posada.**